IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CINDY CLOUGH, as personal
representative of the Estate of Joyce Lee
Vinson, deceased, and on behalf of the
wrongful death beneficiaries of Joyce
Lee Vinson                                                                    PLAINTIFF

v.                          No. 4:13-cv-93-DPM

CAPITAL SENIORCARE
VENTURES LLC, *et al.*                                                DEFENDANTS

### ORDER

The jurisdictional issue raised by the pleadings and motion to remand in this case is identical to one the Court recently decided in the *Slater* case. The Court therefore adopts its reasoning.

> Subject-matter jurisdiction where federal law is embedded in state-law claims is reserved for those cases where the federal question is "not only a contested . . . issue, but a substantial one[.]" *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 313 (2005). This is a narrow gate. *Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The complaint here is a basket of state-law issues: negligence, medical malpractice, and civil conspiracy. The alleged state-law tort beneath the civil-conspiracy claim is a bit murky. It does not appear [Clough] is alleging that HUD and Medicare funds were obtained improperly; [Clough] has not alleged fraud. *Document No. 41, at 5*. Instead, she alleges that the Defendants conspired to intentionally underfund the nursing homes, leading to foreseeable injuries. *Ibid.* The substantive measure of Defendants' allegedly

> wrongful conduct will turn on what Defendants did with the federal money and why, not how they got it. *Compare Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 551 (8th Cir. 1996). That HUD or Medicare provided those funds is incidental. No big federal-law dispute exists about that predicate fact. And Defendants' belated argument about the negligence claim is, as [Clough] notes, more about a defense than a claim. Resolving all doubts in favor of remand to preserve the congressionally approved balance between state and federal judicial responsibilities, *Central Iowa Power Coop.*, 561 F.3d at 912, any federal issues present are not disputed enough or substantial enough to support federal-question jurisdiction.

*Slater v. Capital SeniorCare Ventures, LLC., et al.*, 5:12-cv-447-DPM, *Document No.* 46 (E.D. Ark. 4 April 2013).

Motion to remand, *Document No. 36*, granted. Column's motion to dismiss remains pending for State-court resolution. Clough's request for attorney's fees is denied; the jurisdictional argument was made in good faith.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

5 April 2013